UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

PETER DAVID MCBEAN,               )        CASE NO. 4:08 CV2340
                                  )
            Petitioner,           )        JUDGE PETER C. ECONOMUS
                                  )
      v.                          )
                                  )        MEMORANDUM OF OPINION
                                  )         AND ORDER
CORRECTIONS CORPORATION OF        )
      AMERICA, et al.             )
                                  )
            Respondents.          )

On October 2, 2008, pro se petitioner Peter David McBean filed the above-captioned action against Corrections Corporation of America, Warden Joseph E. Gunja at Northeast Ohio Correctional Center (N.E.O.C.C.).  Mr. McBean, who is incarcerated at the N.E.O.C.C., brings this action pursuant to 28 U.S.C. §2241.  He asserts the respondents are violating his Fifth, Eighth and Fourteenth Amendment rights by housing a third inmate in his cell.  Mr. McBean seeks an order enjoining the respondents from future attempts to place a third inmate in a cell that does not meet the ACA-ACI [American Correctional Association-Adult Correctional Institution] minimum standards.[1]

*Background*

---

[1]Excerpts from the Standards for Adult Correctional Institutions (Fourth Edition) are attached to Mr. McBean's petition.

On or about July 3, 2008, CCA installed a "quasi-Murphy bed" to "permanently" house a third inmate in the cell inhabited by Mr. McBean and another inmate.  He claims this compromised his available cell space under the ACI-ACA standards.  Citing Delgado v. Cady, 576 F. Supp. 1446 (E.D. Wis. 1983) and Rhodes v Chapman, 452 U.S. 337(1981), he argues that the respondents have "arbitrarily, capriciously and maliciously added a third bunk in a two-man cell for the sole purpose of maximising [sic] bed space above and beyond the contracted agreement standards purely to enrich CCA."  (Pet. at 3.)  He claims Rhodes supports the proposition that this arrangement imposes a wanton and unnecessary infliction of pain.

*Standard of Review*

Once an application for a writ of habeas corpus is filed, a judge "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243 (emphasis added.)  Based on the facts set forth belief, petitioner is not entitled to habeas relief in this matter.

*28 U.S.C. § 2241*

The Supreme Court has clarified that "'federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C § 2254[§ 2241 for federal prisoners], and a complaint under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983.'" Hodges v. Bell, No. 04-6167, 2006 WL 508043, (6th Cir. Mar. 2, 2006) (quoting Muhammad v. Close, 540 U.S. 749 (2004)).  For prisoners challenging the "legality or duration" of confinement, habeas corpus proceedings are the proper mechanism. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Conversely, "constitutional claims that merely challenge the conditions of a prisoner's

confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance." <u>Nelson v. Campbell</u>, 541 U.S. 637, 643 (2004); <u>see</u> <u>also</u> <u>Muhammed v. Close</u>, 540 U.S. 749, 750(2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")

   Mr. McBean is clearly complaining about the conditions of his confinement at N.E.O.C.C.  Nothing in his petition implicates the validity of his conviction or duration of his sentence. Instead, it is the manner in which he is serving his sentence that he seeks to change.  He explicitly claims that his civil rights, pursuant to the Fifth, Eighth and Fourteenth Amendments, are being violated by the respondents.  Because habeas relief is designed to test the fact or duration of confinement, <u>Thomas v. Eby</u>, 481 F.3d 434, 438 (6th Cir.2007), this court cannot grant the relief petitioner seeks pursuant to 28 U.S.C. § 2241.  To the extent he seeks relief other than release, the appropriate action would be to file a civil rights complaint. <u>Preiser</u>, 411 U.S. at 484.

<em>Conclusion</em>

   Based on the foregoing, the petition is denied pursuant 28 U.S.C. § 2243.  Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

   IT IS SO ORDERED.

      S/Peter C. Economus - 12/22/08
      PETER C. ECONOMUS
      UNITED STATES DISTRICT JUDGE